IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.
2005 AUG 18 P 2: 06
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| SMITTY'S SUPPLY, INC.<br>Plaintiff, | * CIVIL ACTION No.<br>*<br>* SECT.       **05-3985**<br>*<br>* JUDGE     **SECT. F MAG. 1**<br>* |
| VERSUS | |
| LUCAS OIL PRODUCTS, INC.,<br>Defendant | |
| | * MAGISTRATE JUDGE<br>* |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Smitty's Supply, Inc. ("Plaintiff"), by and through its attorney of record, complains against Lucas Oil Product, Inc. ("Defendant"), alleging as follows:

### NATURE OF THE DISPUTE

Plaintiff asserts that Plaintiff does not infringe trademarks or trade dress allegedly owned by Defendant and that Plaintiff's activities do not constitute an unfair trade practice within the meaning of Section 43(a) of the Lanham Act.

### PARTIES

1. Defendant Lucas Oil Products, Inc., (Lucas) is a foreign corporation with its principle place of business at 302 North Sheridan Street, Corona, California 92880-2067 and doing business within the State of Louisiana.

2. Plaintiff Smitty's Supply, Inc., (Smitty's) a Louisiana corporation with a postal address of P. O. Box 530, 63399 Hwy 51 N, Roseland, Louisiana 70456.

Fee $250.00
Process_____
X Dktd_____
✓ CtRmDep_____
___ Doc. No._____

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 15 U.S.C. 1121 and 28 U.S.C. 1331 over the trademark claims asserted herein which arise under federal law. This Court also has jurisdiction of the action under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, exclusive of interest and costs This Court has jurisdiction over the remaining claims under 28 U.S.C. 1367.

4. Venue for this action is proper in this district, pursuant to the Judiciary and Judicial Procedure Laws of the United States, 28 U.S.C. §§ 1391 and 1400 in that Defendant either resides and/or doing business in this District.

5. Defendant Lucas Oil Products, Inc. is subject to personal jurisdiction in this Judicial District because it resides in and/or has purposefully availed itself of the privileges of conducting business in the State of Louisiana and in this Judicial District.

## OPERATIVE FACTS

6. Plaintiff Smitty's Supply, Inc. is a Louisianan corporation which distributes automotive products including petroleum based products.

7. One of the products which Smitty's markets is "a heavy duty oil stabilizer."

8. Smitty's has obtained a trademark registration from the United States Trademark Office for its distinctive mark "SuperS," Reg. No. 2,348,466 registered Sep. 5, 2000. A copy of Reg. No. 2,348,466 is attached hereto as Exhibit 1.

9. Smitty's has been producing and packaging a heavy duty oil stabilizer under its trademark "SuperS" in containers, a photo of which is attached as Exhibit 2.

10. Lucas is a corporation that does business in the State of Louisiana selling petroleum products for the automotive industries.

11. Lucas sells, among other things, a heavy duty oil stabilizer in its line of automotive products. Lucas' heavy duty oil stabilizer is sold in containers, a photograph of which is attached as Exhibit 3.

12. An agent of Smitty's received a telephone communication from an individual purporting to be an agent of Lucas, advising Smitty's agent that legal action was going to be taken against Smitty's for packaging its heavy duty oil stabilizer in a container, which is "identical" to Lucas'.

## PLAINTIFF'S AVERMENTS

13. Plaintiff denies that its acts constitute an infringement of Defendant's trademarks of trade dress under the Lanham Act.

14. Plaintiff avers that Defendant's packaging has not acquired "secondary meaning" to become distinctive in the minds of the purchasers as being associated exclusively with Defendant.

15. Plaintiff denies that its packaging of heavy duty oil stabilizer is "identical" to the packaging of Defendant.

16. Plaintiff avers that the words and colors displayed in the layout on the packaging of Plaintiff's heavy duty oil stabilizer are not "substantially identical" to the words and colors in the layout and position of Defendant's packaging.

17. Plaintiff avers that the immediate commercial impression provided by Plaintiff's packaging does not lead the public to believe that the heavy duty oil stabilizer emanates from Defendant.

18. Plaintiff avers that the use of Plaintiff's labels and packaging in conjunction with the sale of heavy duty oil stabilizer in the United States does not constitute a false designation of origin and is not intentionally designed to deceive and has not deceived customers and prospective customers into believing that the product is manufactured by Defendant and, as a consequence, is not likely to divert and has not diverted customers away from the Plaintiff.

19. There exists, therefore, a justiciable controversy between Plaintiff and Defendant under the Act. Unless this issue is resolved by the Court, Defendant will continue alleging that Plaintiff infringes on Defendant's copyright.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF PRAYS:**

1. That this Court declare that Plaintiff's packaging does not infringe on any trademarks or trade dress which might be owned by Defendant.

2. That this Court declare that there exists no likelihood of confusion as to the source of the heavy duty oil stabilizer sold by Plaintiff.

3. That this Court declare that Plaintiff does not engage and has not engaged in the commercial activity that would evidence unfair trade practices on the part of Plaintiff or that Plaintiff is or has been passing itself off as being associated with Defendant.

4.   Such other and further relief as may be just and equitable.

                                      Respectfully submitted,

_____
Richard A. Schwartz (Bar # 11853)
P. O. Box 1035
Amite, Louisiana 70422
(985) 748-4693
Attorney for Plaintiff

_____
KEATY Professional Law Corporation
Thomas S. Keaty - 7666, T.A.
2140 World Trade Center
2 Canal Street
New Orleans, Louisiana 70130
(504) 524-2100
OF COUNSEL FOR Plaintiff

5

# VERIFICATION

STATE OF LOUISIANA

PARISH OF Tangipahoa

On this day, Ed Smith, appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said he read the above Declaratory Judgment Complaint, and the facts stated in it are within his personal knowledge and are true and correct.

Sworn to and subscribed before me on this 18th day of August 2005.

Kay S. Addison
Notary Public

My commission expires At Death



KAY S. ADDISON
NOTARY PUBLIC # 77875
STATE OF LOUISIANA
TANGIPAHOA PARISH
MY COMMISSION IS FOR LIFE